IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARYELLEN FRESQUEZ,

    Plaintiff,

v.                                                                          No. 17-cv-1262 SMV/SCY

CHAMA VALLEY INDEPENDENT SCHOOL
DISTRICT BOARD OF EDUCATION,
ANTHONY CASADOS, and ERIC MARTINEZ,

    Defendants.

## ORDER SETTING JURY SELECTION AND JURY TRIAL

THIS MATTER is before the Court on a telephonic status conference held on October 17, 2018. The following settings and deadlines are hereby imposed.

**Jury Selection and Jury Trial** will begin on **May 6, 2019, at 9:00 a.m.**, and end no later than **May 9, 2019,** in a courtroom to be determined **in Albuquerque, New Mexico**.

No later than **March 11, 2019,** counsel must submit their exhibit lists, exhibit binders, joint statement of the case, witness lists, designations of deposition testimony, proposed verdict forms, proposed jury instructions, and proposed voir dire questions. The parties must comply with the instructions below when submitting these items to the Court.

Objections to exhibits, witnesses, designations of deposition testimony, proposed verdict forms, the statement of the case, proposed jury instructions, and proposed voir dire questions are due **March 18, 2019**. The parties must confer about any disputes prior to filing objections.

| Item | Description |
|---|---|
| **Exhibits** | The parties, together, must file a consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible. For those exhibits on which no stipulation could be reached, the offering party must file a contested exhibit list. The Court encourages the parties to resolve disputes over the authenticity of exhibits as early as possible. Trial time will not be utilized for authentication. If testimony is required to authenticate or lay the foundation for any exhibits, the Court will hear such testimony at the Pretrial Conference. |
| **Exhibit Binders** | The parties must deliver to my chambers two identical copies of a binder containing the stipulated exhibits. Additionally, as to the contested exhibits, each side must deliver to my chambers two identical copies of a binder containing its contested exhibits. All exhibits must be marked. Plaintiff's exhibits must be identified with numbers, and Defendant's must be identified with letters (e.g., A, B, C, . . . AA, AB, AC). <u>The identification number or letter will remain the same whether the exhibit is admitted or not.</u> Charts, plats, diagrams, etc., will be marked and ready as to measurements, landmarks, and other identifying factual material before trial. |
| **Joint Statement of the Case** | The parties must confer and attempt to agree upon a clear and concise statement of the case that will be read to the jury panel during jury selection. If counsel are unable to agree to a joint statement of the case, each party must file a separate statement of the case. |
| **Witness List & Designation of Deposition Testimony** | The parties must file witness lists on the record. Witnesses must be listed in the order in which they will be called. The list must indicate whether the witness is testifying by deposition or in person, whether the witness *will* be called or *may* be called, and whether the witness will offer any opinion testimony.<br><br>The parties must also file designations of deposition testimony that they intend to use at trial. The designations must state the pages and lines of the deposition to be used. Counsel must submit copies of the depositions to the Court and must highlight the parts of the depositions that are to be used. These requirements do not apply to cross-examination or rebuttal of a witness presented in person at trial. If a party objects to the use of deposition testimony, the objecting party must mark those portions of the proposed deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. |
| **Proposed Verdict Form** | The parties must confer and attempt to draft a proposed verdict form. The proposed verdict form must be filed on the record. If the parties are unable to agree on a form, each party must file its own proposed verdict form. The form(s) must also be emailed to chambers at smvproposedtext@nmcourt.fed.us in a format compatible with MS Word. |

| **Proposed Jury Instructions** | The parties must confer about proposed jury instructions that set forth the elements and definitions of the claims and defenses. The Court's stock set of jury instructions is available at its website at http://www.nmd.uscourts.gov/content/honorable-stephan-m-vidmar.<br><br>Plaintiff is responsible for filing a set of requested jury instructions ("the stipulated set") to which all of the parties agree. For those instructions on which the parties were unable to agree, each party must file its own proposed instructions ("the contested sets"), explaining the legal basis for its position, at the same time as submission of the stipulated set. No proposed instruction should be included in both the stipulated and contested sets. That is, no stipulated instruction should be repeated in a party's contested set of jury instructions.<br><br>Instructions must be double-spaced. Only one instruction should be included on each page, and each instruction must identified by number. Accordingly, each instruction page should be titled "[Stipulated or Plaintiff's or Defendant's] Instruction Number ___." Each instruction page should include the appropriate legal citation(s). All deviations from pattern instructions must be identified as "modified" in the citation, and the modification must be highlighted in the body of the instruction. Carefully proofread each instruction for errors in spelling, grammar, punctuation, and citations, and for unintended deviations from pattern instructions used as sources. An appropriate cover sheet must be included on each and every set of instructions. The instructions must also be emailed to chambers at smvproposedtext@nmcourt.fed.us in a format compatible with MS Word. |
|---|---|
| **Proposed Voir Dire Questions** | Each party wishing to participate in voir dire must file "Proposed Voir Dire Questions." The filing must identify the specific areas about which the party wishes to inquire and must set forth proposed voir dire questions. |

The Court will set a pretrial motions hearing and a pretrial conference in a forthcoming order. At the pretrial conference, the Court will hear argument on the admissibility of exhibits, the statement of the case, witnesses, designations of deposition testimony, proposed verdict forms, proposed jury instructions, and proposed voir dire questions. If witness testimony is required to authenticate or to lay the foundation for the admission of any exhibits, counsel must be prepared to call all such witnesses at the pretrial conference. The Court's goal is to minimize the amount

of time spent at trial on the introduction of exhibits. To the extent possible, the Court will rule on the admissibility of all exhibits at the pretrial conference.

The parties are encouraged, but not required, to submit trial briefs outlining basic legal theories, anticipated evidence in support of the theories, and the legal basis of any anticipated evidentiary disputes. The briefs are due **April 26, 2019**.

Parties should notify Information Systems Help Desk at 505-348-2110 by **May 1, 2019,** if they plan to use audio-visual or other courtroom technology during trial. Parties are responsible for operating this equipment during trial. Parties should be prepared to proceed without the equipment in the event it breaks or otherwise becomes unavailable. Trial time will not be utilized for resolving technology issues. Should the trial be moved to a different courtroom, it is possible the other courtroom may have no audio-visual or special equipment at all. Additionally, parties should notify chambers by **May 1, 2019,** if anyone whose presence is required for trial plans to bring electronic equipment into the courthouse. Parties must provide the names of the individuals, their role in the trial, and the type of equipment they will be bringing.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**